**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30332 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00107-BR |
| v. | |
| CHRISTOPHER COOL WILMER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Christopher Cool Wilmer appeals from the district court's judgment and

challenges the 300-month sentence imposed following his guilty-plea conviction

for sex trafficking of a child, in violation of 18 U.S.C. §§ 2, 1591(a)(1), (a)(2),

(b)(2), 1594(a) and (c); coercion and enticement of a minor, in violation of 18

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 2422(b); transportation of a minor, in violation of 18 U.S.C. § 2423(a) and (e); and violation of the Mann Act, 18 U.S.C. § 2421. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wilmer contends that the sentence is substantively unreasonable because the court failed to take into account his difficult childhood, and because his victims "suffered less harm than [is] typical" in these crimes. We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court did not abuse its discretion in imposing Wilmer's sentence, which was significantly lower than that recommended by the Guidelines, the government, and the probation officer. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Wilmer's victims, a 16-year-old and a developmentally disabled 18-year-old, were repeatedly sold for sex over the two-month period they worked for Wilmer. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the severity of Wilmer's crimes and his extensive criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

13-30332